U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 1 4 2013

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SHIRLEY WEBB, INDIVIDUALLY | § | |
| | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | *13-4076* |
| FEDERAL EXPRESS CORPORATION | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | PLAINTIFFS' ORIGINAL |
| | § | COMPLAINT, APPLICATION FOR |
| | § | TEMPORARY RESTRAINING ORDER |
| | § | AND APPLICATION FOR |
| | § | INJUNCTIVE RELIEF |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SHIRLEY WEBB, Individually, Plaintiff, complaining of FEDERAL EXPRESS CORPORATION, hereinafter referred to as Defendant, and for cause of action would respectfully show the court as follows:

### I.

### VENUE AND JURISDICTION

1.     This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of fees and costs and this is a suit between citizens of different states.

2.      Venue as to this petition is proper in the Western District of Arkansas, Texarkana Division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.

## PARTIES

3.      Plaintiff Shirley Webb, the biological mother of Lumvouris Webb, Sr., deceased, is an individual and is a resident of Houston, Harris County, Texas.

4.      Defendant FEDERAL EXPRES CORPORATION (hereinafter "FEDEX") does business in the State of Arkansas.  FedEx may be served with citation by serving its registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## III.

## FACTS

5.      On August 10, 2013, Lumvouris Webb, Sr. was a passenger in a Kia Sorento that was traveling eastbound on Interstate 30 outside of Texarkana, Arkansas.  Prior to the collision, the Webb vehicle came to a stop on the eastbound side of the highway due to a truck and trailer owned by Defendant FedEx that had overturned on the highway and blocked the eastbound lanes of travel ("Overturned Truck and Trailer").    Additionally, Mr. Woodell, an employee of Defendant FedEx, was driving another truck and trailer owned by Defendant FedEx that was traveling eastbound on Interstate 30, behind the Webb vehicle ("Impact Truck and Trailer").  Mr. Woodell, who was not paying proper attention to the road conditions, failed to control his speed and forcibly collided with the stopped Webb vehicle, causing the Webb vehicle to burst into flames.

6.      As a result of the collision, Lumvouris Webb, Sr. suffered painful and fatal injuries.

## IV.

## AGENCY AND RESPONDEAT SUPERIOR

7.      At the time of the collision and the occurrences giving rise to this cause of action, Mr. Woodell was the operator of the Impact Truck and Trailer owned by Defendant FedEx and was an employee of FedEx.

8.      Defendant FedEx, at the time of the collision was, upon information and belief, an interstate carrier or federal motor carrier.

9.      At all times material hereto, Mr. Woodell was acting within the course and scope of his employment or official duties for Defendant FedEx and in furtherance of the duties of his office or employment for Defendant FedEx.

10.     Moreover, at the time of the collision and at all other times relevant hereto, Mr. Woodell was operating under the authority of Defendant FedEx as an interstate or federal motor carrier.

11.     Defendant FedEx, as the employer and motor carrier, is responsible for the negligent acts or omissions of Mr. Woodell under the principles of respondeat superior and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

12.     At the time of the collision and incident giving rise to this cause of action, the operator of the Overturned Truck and Trailer was an employee of FedEx.

13.     At all times material hereto, the operator of the Overturned Truck and Trailer was acting within the course and scope of his employment or official duties for Defendant FedEx and in furtherance of the duties of his office or employment for Defendant FedEx.

14.     Moreover, at the time of the collision and at all other times relevant hereto, the operator of the Overturned Truck and Trailer was operating under the authority of Defendant FedEx as an interstate or federal motor carrier.

15.     Defendant FedEx, as the employer and motor carrier, is responsible for the negligent acts or omissions of the operator of the Overturned Truck and Trailer under the principles of respondeat superior and/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## V.

## NEGLIGENCE

16.     Plaintiff would show that, on the occasion in question, Defendant owed a duty to conduct itself in a manner consistent with the traffic laws of the State of Arkansas and the United States and to act as a reasonably prudent person and/or entity would act.

17.     Defendant breached its duty to Plaintiff and acted in a manner that was negligent or negligent per se by engaging in wrongful conduct including, but not limited to:

   a.     Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b.     Failing to control speed;

   b.     Failing to take timely or proper evasive action to avoid the collision in question;

   c.     Failing to pay attention;

   e.     Failing to control the subject vehicle so that a collision would not occur; and

          f.      Failing to properly train its drivers in regard to the safe operation of a motor vehicle carrying passengers.

15.    Defendant FedEx had a duty to exercise ordinary care to hire, train and supervise its drivers with respect to ensuring that they were and would continue to be safe drivers with knowledge of the matters necessary for the proper operation of the vehicles that they controlled.

16.    Defendant breached its duty because it knew or should have known that Mr. Woodell, as well as the operator of the Overturned Truck and Trailer, were not capable, qualified and knowledgeable drivers.

17.    Defendant breached its duty because it failed to provide the necessary training for Mr. Woodell, as well as the operator of the Overturned Truck and Trailer, to operate their vehicles in a safe manner and in conformity with the requirements of the law.

18.    Defendant breached its duty because it failed to supervise Mr. Woodell to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

19.    Defendant breached its duty because it failed to supervise the operator of the Overturned Truck and Trailer to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

19.    Each of Defendant's acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

20.     Plaintiff would show that, as a proximate cause of Defendant's negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.

## DAMAGES

21.     **Wrongful Death Damages**. Plaintiff Shirley Webb, Individually, is the surviving mother of Lumvouris Webb, Sr., Deceased, and has suffered the following injuries or damages, for which she is entitled to recover and for which they hereby sue:

  a.     The loss of her son, including the right to love, affection, solace, comfort, companionship, society, emotional support, pecuniary contributions, and happiness which she has suffered in the past, commencing with the death Lumvouris Webb, Sr., and which she will, in reasonable probability, suffer in the future resulting from the death of her son;

  b.     The mental anguish, grief and sorrow suffered in the past and to be suffered in the future, resulting from the death of her son;

  c.     Loss of inheritance.

22.     Plaintiff would show that at the time of his death, Lumvouris Webb, Sr. was forty-three (43) years old, in good health and had a reasonable life expectancy. Before the time of his death and during his lifetime, Lumvouris Webb, Sr. was a happy and loving son to his mother.

23.     Plaintiff brings this suit to recover all damages, including those specified above, to which she is entitled, in their individual and representative capacities, in an amount that exceeds the minimal jurisdictional limit of this Court as a result of the wrongful conduct of Defendants.

## VII.

## <u>APPLICATION FOR TEMPORARY RESTRAINING ORDER</u>

24.    Movant/Plaintiff hereby seeks a Temporary Restraining Order.

25.    Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff is informed and believes, and on such information and belief, allege that Respondent/Defendant and/or its respective agents, servants and/or employees, have already begun its investigation of the incident made the basis of this lawsuit, that the subject trucks and trailers are not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed if a Temporary Restraining Order is not obtained.

26.    There is no adequate remedy at law because there is no legal remedy available to Movant/Plaintiff that will protect her rights and interests in this litigation if critical physical evidence is lost, destroyed, or modified. There is no reliable method of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

27.    There is a substantial likelihood that Movant/Plaintiff will prevail on the merits. This case involves the fatal injuries of Lumvouris Webb, Sr., deceased.    His injuries occurred through no fault of his own. The facts of this case will clearly demonstrate that the acts and/or omissions of the Respondents/Defendants caused the death of Lumvouris Webb, Sr., deceased and the damages sustained by Movant/Plaintiff.    As such, Movant/Plaintiffs have a probable right to relief on the merits.

28.    The threatened harm to Plaintiff outweighs the harm that a Temporary Restraining Order would inflict on Defendant. Additionally, the harm to Movant/Plaintiff is imminent. It is necessary for Movant/Plaintiff to have her representatives immediately inspect the subject trucks

and trailers, as well as documents, photographs and recordings relevant to the site and the incident, including those described herein below and/or involved in or connected with the incident in question, for the purpose of inspecting, measuring, surveying, photographing, videotaping, examining, documenting and testing said articles and in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant's claim under applicable Federal laws.

29.    Issuance of a temporary restraining order would not adversely affect the public interest and public policy because the public is entitled to know the truth as to what the cause of the subject incident was.

30.    Plaintiff is willing to post a bond in the amount the Court deems appropriate.

31.    The Court should enter this Temporary Restraining Order without notice to Defendant because Plaintiff will likely suffer immediate and irreparable injury, loss, or damage if the order is not granted before Defendant can be heard, and notice would be impractical or impossible.

32.    As such, Movant/Plaintiff asks the Court to issue a Temporary Restraining Order preventing Respondent/Defendant from altering, repairing and/or modifying the Overturned Truck and Trailer and the Impact Truck and Trailer and that Defendant preserve the following:

  a.    Bills of lading for the trips that the subject trucks were on at the time of the incident;

  b.    The log books for the subject trucks and trailers for the day of the incident and the 180 days prior to the incident;

  c.    All GPS data concerning the subject trucks and trailers; and

  d.    All engine data downloaded or that could be downloaded from the subject trucks.

## VIII.

## REQUEST FOR PRELIMINARY INJUNCTION

33.     Plaintiff hereby requests a Preliminary Injunction.

34.     Plaintiff will likely suffer irreparable injury if Defendant is not enjoined while this suit is pending from changing the current state of the Overturned Truck and Trailer, as well as that of the Impact Truck and Trailer.  Because those two trucks and trailers are vital to Plaintiff's case against Defendant, Plaintiff will be irreparably harmed if Defendant is not enjoined from modifying and/or changing the state or condition of either truck or trailer.     If Respondent/Defendant is allowed to do any additional investigation, testing or preservation of evidence, Defendant will likely engage in modifications, alterations, or repairs that will impair the development and prosecution of this case.

35.     It is critical to the investigation and proof of the Movant/Plaintiff's claims alleged herein that her representatives are allowed to inspect, measure, survey, photograph, videotape, examine the subject trucks and trailers prior to them being moved, altered or destroyed.  Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movant/Plaintiff's claim.

36.     There is no adequate remedy at law because there is no legal remedy available to Movant/Plaintiff that will protect her rights and interests in this litigation if critical physical evidence is lost, destroyed, or modified. There is no reliable method of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

37.     This case involves the death of Lumvouris Webb, Sr., deceased.  His injuries and death occurred through no fault of his own. The facts of this case will clearly demonstrate that

the acts and/or omissions of the Respondent/Defendant caused the death of Lumvouris Webb, Sr., deceased and the damages sustained by Movant/Plaintiff. As such, Movant/Plaintiff has a probable right to relief on the merits.

38.     The harm faced by Movant/Plaintiff outweighs the harm that would be sustained by defendant if the preliminary injunction were granted and the harm to Movant/Plaintiff is imminent. It is necessary for Movant/Plaintiff to have her representatives immediately inspect the subject trucks and trailers, as well as documents, photographs and recordings relevant to the site and incident, including those described herein below and/or involved in or connected with the incident in question, for the purpose of inspecting, measuring, surveying, photographing, videotaping, examining, documenting and testing said articles and in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claim under applicable Federal laws.

39.     Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff is informed and believes, and on such information and belief, allege that Respondent/Defendant and/or their respective agents, servants and/or employees, have already begun their investigation of the incident made the basis of this lawsuit, that the trucks and trailers are not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

40.     Issuance of a preliminary injunction would not adversely affect the public interest. As stated above, the preliminary injunction is necessary in order for the evidence in this case to be preserved.

41.     Plaintiff is willing to post a bond in the amount the Court deems appropriate.

42.     Plaintiff asks the Court to set her application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

## IX.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

43.     Plaintiff is entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with their costs of court.

## X.

## CONDITIONS PRECEDENT

44.     All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## XI.

## REQUEST FOR JURY TRIAL

45.     Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request and pray that Defendants be cited to appear and answer herein, and that on final trial hereof, Plaintiffs have judgment of, from and against Defendants, for injunctive relief, actual damages sustained, together with cost of suit, all applicable pre-judgment interest, post-judgment interest, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled, and that this Honorable Court grant to the Plaintiffs such other

and further relief to which Plaintiffs, individually, and in their respective capacities, may show themselves justly entitled.

Respectfully submitted,

Danny J. Cook
Texas State Bar No.: 00798115
Arkansas State Bar No.: 2005096
Cook Law Offices, P.C.
901 North State Line Avenue
Texarkana, Texas 75501
Telephone No.: 903.792.7283
Facsimile No.: 903.792.6553

and

**WYATT LAW FIRM, LTD.**
James Perrin—*Pro Hac Vice Pending*
State Bar No. 24027611
Paula A. Wyatt—*Pro Hac Vice Pending*
State Bar No. 10541400
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
**ATTORNEYS FOR PLAINTIFFS**