IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHIRLEY WEBB and
BERETTA WEBB-WILLIAMS,
Individually                                                                                        PLAINTIFFS

VS.                                       Case No. 4:13-CV-4076

FED-EX GROUND PACKAGE SYSTEMS,
INC.                                                                                                DEFENDANT

### **ORDER**

Before the Court is Defendant's Motion to Dismiss (ECF No. 18) and Plaintiffs' Amended Motion for Leave to File Second Amended Complaint. (ECF No. 24). Responses to both of the motions have been filed. (ECF Nos. 25-26, 28). The Court finds this matter ripe for consideration.

This is a wrongful death action filed on behalf of Plaintiffs Shirley Webb and Beretta Webb-Williams. Lumvouris Webb, Sr., the brother of Beretta Webb-Williams and son of Shirley Webb, died from injuries sustained in a vehicular collision on August 10, 2013. Mr. Webb's vehicle was hit by a truck owned by Defendant and operated by Defendant's employee. Plaintiffs have asserted a claim for negligence and are seeking "wrongful death damages" against Defendant. (ECF No. 11). Plaintiffs filed this action in their individual capacities and not as representatives of Mr. Webb's estate.

Defendant has filed a motion to dismiss arguing that, under Arkansas' wrongful death statute, Plaintiffs do not have standing to bring this suit in their individual capacities. Plaintiffs do not appear to disagree with Defendant's conclusion. However, Plaintiffs now seek to amend

their complaint to reflect that Shirley Webb has been appointed as Administratrix of Mr. Webb's estate. Plaintiffs argue that this amendment will cure any defects relating to their standing. Defendant opposes the amendment and argues that, because the original complaint was a nullity, Plaintiffs cannot cure the defect by amending.

Under Arkansas' wrongful death statute, Ark. Code Ann. § 16–62–102, a wrongful death action must be brought in the name of the personal representative of the decedent. *See Ramirez v. White County Circuit Court*, 343 Ark. 372, 381 (Ark. 2001). If there is no personal representative, the action must be brought by all of the decedent's heirs at law. *Id*. It is undisputed that Plaintiffs are not Mr. Webb's only heirs at law. It is also undisputed that, at the time their complaint was filed, neither of them were personal representatives of Mr. Webb. This suit was filed in their individual capacities. Accordingly, there is no dispute that Plaintiffs' complaint does not meet the requirements of Ark. Code Ann. § 16–62–102 and that dismissal of the complaint in its current form would be appropriate.

After this action commenced, and after Defendant's motion to dismiss was filed, Shirley Webb was appointed Administratrix of Mr. Webb's estate on October 9, 2013. (ECF No. 25, Exh. 1). Plaintiffs acknowledge that their current complaint is not in compliance with Ark. Code Ann. § 16–62–102, and they now seek to amend their complaint to reflect Shirley Webb's new status as Administratrix. Defendant opposes the amendment. While Defendant agrees that Shirley Webb would now have standing to bring this action as the personal representative of Mr. Webb's estate, they maintain that she cannot amend a complaint that is without legal effect. The Court agrees.

Because Plaintiffs were not in compliance with Ark. Code Ann. § 16–62–102 at the time their complaint was filed, Plaintiffs lacked standing and the complaint was without legal effect.

*Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) (applying Ark. Code Ann. § 16–62–102).  In circumstances where a complaint amounts to a nullity, "it cannot serve as the foundation for an amendment….Granting the motion to amend would [be] impossible." *Id*. *See also Brewer v. Poole*, 362 Ark. 1, 14, 207 S.W.3d 458, 466 (Ark. 2005) ("The original complaint in this case failed to include all the heirs at law as parties to the suit. Therefore, the original complaint was a nullity. Where the original complaint is a nullity, Rules 15 and 17 are inapplicable because the original complaint never existed; thus, there is no pleading to amend and nothing to relate back); *Estate of Mulkey v. K-Mart Corp.*, 4:07CV00632, 2008 WL 2073929 at *2 (E.D. Ark. May 13, 2008).

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 18) should be and hereby is **GRANTED**, and Plaintiff's Amended Motion for Leave to File Second Amended Complaint (ECF No. 24) should be and hereby is **DENIED**.  Plaintiffs' Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED, this 9th day of January, 2014.


       /s/ Susan O. Hickey
    Susan O. Hickey
    United States District Judge